ams

# IN THE UNITED STATES DISTRICT COURT-
# FOR THE DISTRICT OF KANSAS

NATHANIEL W. ELLIBEE, )
)
        Plaintiff, )
)
vs. )   Case No. 03-3023-JAR
)
STANTON HAZLETT, et al., )
)
        Defendants. )
)

## MEMORANDUM AND ORDER

This matter is before the Court on remand from the Tenth Circuit Court of Appeals. In line with the Tenth Circuit's mandate, this Court determines that it has jurisdiction over plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1332. It also finds that plaintiff's claims against defendant David Orr should be dismissed as they are barred by the exoneration rule under Kansas law, while his claims against defendants James Chappas and Lloyd Graham are not barred.

## I. Background

Plaintiff Nathaniel Ellibee is a prisoner who filed this case proceeding pro se and in forma pauperis.[1] In his amended complaint, plaintiff alleges constitutional and state law claims against three attorney-defendants and the Kansas Disciplinary Administrator, seeking monetary damages, injunctive relief, and declaratory judgments. On March 5, 2004, Judge Van Bebber dismissed all claims against all defendants for the following reasons: (1) the disciplinary administrator was immune from claims for

---

[1] Plaintiff filed a motion for leave to proceed in forma pauperis on July 28, 2005, which was granted on August 15, 2005 (Doc. 31).

damages and plaintiff lacked standing to sue the administrator; (2) plaintiff could not sustain a federal claim against the attorney-defendants because they had not acted under color of state law; and (3) the court lacked subject-matter jurisdiction over the remaining state-law claims against the attorney-defendants[2] because plaintiff failed to demonstrate Kansas citizenship and because the amount in controversy over those claims was not alleged to exceed $75,000.  (Doc. 6.)  This order was made pursuant to 28 U.S.C. section 1915A, which requires a court to dismiss a case filed by a prisoner if it fails to state a claim for relief, is malicious or frivolous, or it seeks monetary relief against a party who is immune from such relief.

     Plaintiff filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the court's order of dismissal, attaching an affidavit to support his allegation that he is a citizen of Idaho, not Kansas.  In ruling on the Rule 59(e) motion, Judge Van Bebber corrected the prior ruling that plaintiff failed to allege the requisite amount in controversy to sustain a diversity action.  The court then found plaintiff failed to state a claim for relief on the state malpractice claims because he failed to first demonstrate that he obtained post-conviction relief in contravention of *Canaan v. Bartee*.[3]  Because plaintiff failed to make such a showing, the court declined to examine whether plaintiff established diversity jurisdiction.

     Plaintiff then appealed the dismissal to the Tenth Circuit, which affirmed the portion of the court's order dismissing the federal claims against all four defendants.  However, the court reversed and remanded the state law claims asserted against attorney-defendants Orr, Chappas, and Graham.  In its

---

[2]*See Canaan v. Bartee*, 72 P.3d 911 (Kan. 2003) (explaining that when there is a contractual relationship as well as one that arises out of a legal duty like the attorney-client relationship, it is the breach of the duty that gives rise to a tort action and not the contract itself), *cert. denied*, 540 U.S. 1090 (2003).

[3]*Id.*

order, the court explained that the district court had erred when it did not address subject matter jurisdiction before assessing whether plaintiff stated a claim for relief. Therefore, the Court of Appeals instructed the Court on remand to first determine whether it has subject matter jurisdiction, and then to consider whether *Canaan* is applicable to all defendants. Plaintiff then filed an application for writ of certiorari with the United States Supreme Court, which was denied on May 16, 2005. Therefore, this Court[4] will first consider whether it has subject matter jurisdiction over the remaining state law claims, and if so, whether plaintiff states a claim for relief.

At the outset, the Court is cognizant that it should construe a pro se litigant's pleadings liberally, with a less stringent standard than pleadings drawn by attorneys.[5] If the pro se plaintiff's complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."[6] At the same time, it is not the proper function of the district court to assume the role of advocate for the pro se litigant.[7] Nor will the court "supply additional factual allegations to round out plaintiff's complaint."[8]

## II. Diversity Jurisdiction

---

[4] This case was reassigned to the undersigned on March 7, 2005.

[5] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

[6] *Id.*

[7] *Id.*; *see Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.").

[8] *Whitney v. State of New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall,* 935 F.2d at 1110).

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction.[9] A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking.[10] There is a presumption against federal jurisdiction,[11] and the party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[12] Mere conclusory allegations of jurisdiction are not enough.[13] Instead, a plaintiff must present facts to show jurisdiction and support those facts with competent evidence.[14] Normally, a person's citizenship for diversity purposes is defined as domicile, which involves physical presence in a state with an intent to remain indefinitely.[15] In the case of a prisoner, the Court applies the presumption that "when a prisoner has been moved out-of-state by prison officers, the prisoner's citizenship for diversity purposes is the state where he was domiciled before he was imprisoned."[16]

Plaintiff currently resides as an inmate at the El Dorado Correctional Facility in El Dorado, Kansas. He submitted an affidavit stating his citizenship prior to incarceration was Idaho. In support of

---

[9]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[10]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[11]*Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[12]*Montoya*, 296 F.3d at 955.

[13]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[14]*Id.*

[15]*E.g.*, *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

[16]*Hassan v. Allen*, 149 F.3d 1190, 1998 WL 339996, at *6 n.6 (10th Cir. 1998) (unpublished table decision).

this allegation, he states that his presence in Kansas prior to incarceration was due only to a military assignment to Fort Riley.  He states that he never relinquished his Idaho driver's license nor displayed any other intent to remain indefinitely in Kansas.  He further states that he intends to return to Idaho upon release from custody.  The Court finds that plaintiff has come forward with facts sufficient to demonstrate the possibility of Idaho citizenship.  Because all defendants are alleged to be Kansas citizens, plaintiff has sufficiently alleged diversity jurisdiction over his remaining state law malpractice claims against Orr, Chappas, and Graham.  Because the Court has determined that it has subject matter jurisdiction, it will proceed to determine if plaintiff has sufficiently alleged a claim for relief against the remaining defendants.

## III.  Failure to State a Claim

### *A.  Defendant Orr*

According to the allegations in plaintiff's amended complaint, Orr was appointed to represent plaintiff in the underlying state criminal case for which he is serving his term of custody.  According to plaintiff, Orr never contacted him after being appointed, nor did he inform plaintiff when he filed a motion to withdraw as plaintiff's attorney.  Having determined that the Court exercises diversity jurisdiction over plaintiff's claims against Orr, the Court now considers whether plaintiff's allegations sufficiently state a claim for relief under *Canaan*.

In *Canaan*, the Kansas Supreme Court announced that it would follow a majority of other courts in adopting the "exoneration rule," which requires a person convicted of a criminal action to obtain post conviction relief before maintaining an action alleging malpractice against his former criminal

defense attorneys.[17]  The Court agrees with Judge Van Bebber's conclusion that plaintiff fails to state a claim for damages against defendant Orr because he is unable to demonstrate that he obtained post conviction relief.[18]  Orr was appointed as plaintiff's criminal defense attorney, triggering application of the exoneration rule announced in *Canaan*.  Therefore, dismissal of Orr is appropriate.

### B. Defendants Chappas and Graham

Plaintiff alleges malpractice claims against Chappas, based on his contention that he failed to pursue a habeas corpus motion on plaintiff's behalf.  Plaintiff maintains that he was coerced to advance $3000 to Chappas to facilitate post conviction relief.  Plaintiff alleges malpractice claims against Graham for failing to pursue collection of a settlement he obtained for plaintiff in small claims court.  He alleges that the judgment in his favor was extinguished in 2001, but that Graham failed to inform him of this fact.  The Court finds that *Canaan* is inapplicable to defendants Chappas and Graham because they were not plaintiff's criminal defense attorneys.  Plaintiff's allegation against Graham is entirely unrelated to his criminal conviction.  Although plaintiff's retention of Chappas involved a habeas corpus action challenging his criminal conviction, such a case is technically a civil matter.  Therefore, the Court finds that plaintiff's malpractice claims against defendants Chappas and Graham are not barred under Kansas law by the exoneration rule announced in *Canaan* and that the screening process under 28 U.S.C. § 1915A is complete.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's remaining state law claims against Defendant Orr are dismissed.

---

[17]*See Canaan v. Bartee*, 72 P.3d 911, 913 (Kan. 2003), *cert. denied*, 540 U.S. 1090 (2003).

[18]*Id.*

**IT IS FURTHER ORDERED** that the clerk of the court shall prepare waiver of service of summons forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, for service to defendants Chappas and Graham by the United States Marshal or Deputy Marshal at no cost to plaintiff.

**IT IS SO ORDERED.**

Dated this  23rd  day of August 2005.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge