## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATHANIEL W. ELLIBEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03-3023-JAR |
| | ) |
| JAMES G. CHAPPAS, et al., | ) |
| | ) |
| Defendants. | ) |

### **ORDER**

This matter comes before the court upon plaintiff's Motion to Amend Complaint (Doc. 39), seeking leave to file a second amended complaint in this matter. Plaintiff has attached a copy of his proposed second amended complaint to his motion, in compliance with D. Kan. Rule 15.1, and filed a memorandum in support of his request (Doc. 40). Defendants have not filed any response to plaintiff's motion, and the time to do so has now expired.[1] Pursuant to D. Kan. Rule 7.4, the court ordinarily treats a motion, to which no timely response is filed, as uncontested and grants the motion without any further notice.[2] The court has reviewed plaintiff's motion and is now prepared to rule.

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to nondispositive motions. . . shall be filed and served within 14 days.").

[2] D. Kan. Rule 7.4 provides in relevant part:

> The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver fo the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given where justice so requires." In this instance, plaintiff seeks leave to amend to clarify and refine his claims against remaining defendants.

This case was originally filed on January 14, 2003,[3] and plaintiff filed an amended complaint on February 26, 2003, prior to any service upon defendants.[4] The case then proceeded through consideration and dismissal by the district court, an appeal to the Tenth Circuit, and consideration on remand by the district court. As a result of these activities, plaintiff's claims against defendants Stanton A. Hazlett, David J. Orr, and the State of Kansas have been dismissed, leaving claims against remaining defendants James G. Chappas and Lloyd R. Graham. The clerk's office was ordered to prepare waivers of service for these defendants as part of the court's order upon remand on August 23, 2005.[5] Defendant Chappas filed a motion to dismiss plaintiff's amended complaint on November 21, 2005.[6] Defendant Graham filed a motion dismiss plaintiff's amended complaint on December 1, 2005.[7] Neither defendant has yet filed an answer to plaintiff's amended complaint.

To date, there has been no scheduling order entered in the case and no time period established for the parties to seek amendments to the pleadings. Additionally, plaintiff's instant motion for leave to amend was filed on October 26, 2005, prior to either defendant filing a motion to dismiss the current amended complaint. As such, the court finds the requested amendment to be timely, and because discovery has not

---

[3] *See* Complaint (Doc. 1).

[4] *See* Amended Complaint (Doc. 2).

[5] *See* Memorandum and Order (Doc. 32).

[6] Doc. 41.

[7] Doc. 46.

yet begun, it further finds that defendants will not be unfairly prejudiced by plaintiff being granted leave to amend.

The original complaint in this matter was fifty-three pages long and asserted both federal and state law claims against five defendants. The later amended complaint was thirty-eight pages long and asserted federal and state law claims against four defendants. Plaintiff's proposed second amended complaint is seventeen pages long and asserts only state law claims against only the two remaining defendants. The court believes that there is value for all parties in proceeding upon an updated pleading that eliminates obsolete language related to claims and parties that are no longer a part of this action. As such, the court finds that plaintiff's motion for leave to file his second amended complaint should be granted.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Amend Original Complaint (Doc. 39) is hereby granted.

**IT IS FURTHER ORDERED** That the clerk's office is directed to re-file plaintiff's proposed second amended complaint, attached as an exhibit to plaintiff's motion (Doc. 39), as plaintiff's second amended complaint in this matter. Service will be effected upon defendants by electronic means, as provided by D. Kan. Rule 5.4.9, upon the re-filing of plaintiff's second amended complaint in the court's CM/ECF system by the clerk's office.

**IT IS SO ORDERED.**

Dated this 23rd day of March, 2006, at Topeka, Kansas.

s/K. Gary Sebelius  
K. Gary Sebelius  
U. S. Magistrate Judge