## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATHANIEL W. ELLIBEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case. No. 03-3023-JAR |
| | ) |
| JAMES G. CHAPPAS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter comes before the court for consideration of whether to convene a professional malpractice liability screening panel pursuant to K.S.A. § 60-3501 *et seq.* Plaintiff filed his original motion requesting the appointment of such a panel, along with a memorandum in support, on December 22, 2005 (Docs. 52 & 53). Each defendant has filed a response in opposition (Docs. 54 & 55), to which plaintiff has filed replies (Docs. 56 & 57).

Plaintiff has also filed new motions requesting a liability screening panel with regard to each defendant (Docs. 68 & 70), along with memoranda in support (Docs. 69 & 71), on April 21, 2006. These motions appear intended to renew plaintiff's request in light of his filing of a second amended complaint on March 23, 2006. Defendants have filed responses in opposition to plaintiff's new motions (Docs. 72 & 73), to which plaintiff has filed replies (Docs. 78 & 79).

As such, all motions related to the screening panel issue are now fully-briefed, and the issue is ripe for the court's consideration and decision. For the reasons set forth below, the court shall deny plaintiff's request to convene a professional malpractice liability screening panel pursuant to K.S.A. § 60-3501 *et seq.*

**I.     The Parties' Arguments**

Plaintiff contends that the professional malpractice liability screening panel procedure pursuant to K.S.A. § 60-3502 confers a substantive right that is applicable in a Kansas legal malpractice action brought in federal court on the basis of diversity jurisdiction and requests the court to convene such a panel to consider his claims against defendants.

Defendants argue that the screening panel procedure pursuant to K.S.A. § 60-3502 has questionable applicability to the legal profession, and that, even if applicable, plaintiff's requests should be denied in this instance because the convening of a professional malpractice screening panel is discretionary based on an interpretation of the statute in conjunction with Kansas Supreme Court Rule 142.  Defendants further contend that plaintiff's requests should be denied in any event because they were made outside the time period of 60 days after defendants were served with process allowed for such requests by Kansas Supreme Court Rule 142(d)(1).

**II.    Discussion**

  *a.     Applicability of K.S.A. § 60-3502 to a Legal Malpractice Claim*

K.S.A. § 60-3502 of the Kansas Statutes Annotated provides that if one party in a professional malpractice liability action files a memorandum with the court requesting a professional malpractice screening panel, the judge shall convene such a panel.[1]  Defendants call into question the applicability of

---

[1] K.S.A. § 60-3502.

K.S.A. § 60-3502 to legal professionals. In attacking the relevance of the statute, defendants point to the last paragraph of the statute which provides:

> The *state agency which licenses*, registers, certifies, or otherwise is responsible for the practice of any group of professional licensees shall maintain and make available to the parties to the proceeding a current list of professional licensees who are willing and available to serve on the screening panel.[2]

Defendants argue that the language "state agency" exempts legal professionals from the purview of the statute because no state agency is responsible for the licensing, registering, certification of legal professionals, as the legal profession is governed by the Kansas Supreme Court.[3]

The court is not persuaded by defendants' argument. K.S.A. § 60-3502 does not specifically address which professionals fall within the ambit of the statute; however, the term "professional licensee" is used throughout the statute. K.S.A. § 60-3501 defines "professional licensee" as any person licensed to practice a profession which a professional corporation is authorized to practice." Under Article 17 of the Kansas Statutes Annotated, a professional corporation may practice a professional service. Pursuant to K.S.A. § 60-2707, a "professional service means the type of personal service rendered by a person duly licensed, registered or certified by this state as the member of any of the following professions . . . (3)

---

[2] *Id*. (emphasis added).

[3] Ks. Sup. Ct. R. 201(a) provides, "Any attorney admitted to practice law in this state and any attorney specially admitted by a court of this state for a particular proceeding is subject to the jurisdiction of the Supreme Court and the authority hereinafter established by these Rules."

an attorney-at-law."[4]  Thus, upon examination of K.S.A. § 60-3501 in conjunction with K.S.A. § 60-2707, members of the legal profession are clearly intended to be subject to K.S.A.§ 60-3502.

Additionally, in *Roy v. Young*, the Kansas Supreme Court considered the effect of a request for a professional malpractice screening panel upon the statute of limitations in a legal malpractice case and stated: "K.S.A. 2003 Supp. 60-3502 provides that a party may request a screening panel when a *legal malpractice claim* is pending in district court or when it is not."[5]  While the issue of the applicability of the screening panel procedure to a legal malpractice action was not directly challenged in *Roy*, the court's unquestioning discussion of the screening panel procedure in the legal malpractice context provides added confirmation that the procedure does apply to malpractice claims against attorneys.

   *b.*  *Mandatory or Discretionary Nature of Professional Malpractice Screening Panel*

Defendants argue that, notwithstanding the applicability of K.S.A. § 60-3502 to members of the legal profession, pursuant to Kansas Supreme Court Rule 142, courts have discretion whether or not to convene a professional malpractice screening panel.  Section 60-3502 of the Kansas Statutes Annotated provides that if one of the parties in a professional malpractice liability action files a memorandum with the court requesting a professional malpractice screening panel, the judge of such court *shall* convene such a panel.[6]  Facially, the statute contains clear mandatory language.  Defense counsel nonetheless asserts that

---

[4] K.S.A. § 60-2707 (b)(3).

[5] *Roy v. Young*, 278 Kan. 244, 252, 93 P.3d 712, 718 (2004) (emphasis added).

[6] K.S.A. § 60-3502 (emphasis added).

4

Kansas Supreme Court Rule 142 alters the mandatory nature of the statute. Kansas Supreme Court Rule 142 provides:

> The court *may* convene a medical or professional malpractice screening panel either before or after the filing of a petition in the District Court as provided by K.S.A. 65-4901 et seq. Or K.S.A. 60-3501 et seq."[7]

Defendants argue "that if the Supreme Court believed the procedure to be mandatory, then the court would not have adopted a rule that suggests to the contrary."[8] As discussed hereafter, the court finds that plaintiff did not request the screening panel within the time period required by Kansas Supreme Court Rule 142. As such, the court need not determine the issue of whether the statute is mandatory or discretionary.

    *c. Timeliness of Plaintiff's Original Request for a Screening Panel*

Subsection (d)(1) of Kansas Supreme Court Rule 142 provides that "a request for a screening panel shall not be made later than 60 days after defendants are served with process."[9] On August 26, 2005, waivers of service, along with a copy of plaintiff's amended complaint, were sent to both defendants.[10] A waiver was executed by defendant Chappas on September 22, 2005, and filed with the court on October 6, 2005.[11] While the record does not reflect return of an executed waiver by defendant Graham, defendant Graham later sought a 10-day clerk's extension of his time to answer on November

---

[7] Ks. Sup. Ct. R. 142 (emphasis added).

[8] Defendant Chappas' Response to Plaintiff's Motion to Convene Professional Malpractice Liability Screening Panel (Doc. 54), at p. 2.

[9] Ks. Sup. Ct. R. 142(d)(1).

[10] *See* Docket Report.

[11] *See* Doc. 36.

21, 2005, reflecting in his application that he believed his deadline to respond to plaintiff's amended complaint was that date.[12] November 21, 2005 was the same date that defendant Chappas responded to plaintiff's amended complaint by filing a motion to dismiss.[13] Therefore, while the record is unclear as to the precise date when defendant Graham received plaintiff's amended complaint, based upon the fact that both defendants share common counsel and treated November 21, 2005, as their date to respond to plaintiff's amended complaint, the court concludes, for purposes of this motion only, that both defendants shall be deemed to have received plaintiff's amended complaint as of the time the signed waiver by defendant Chappas was filed with the court on October 6, 2005. Since plaintiff did not file his original motion requesting a screening panel until December 22, 2005 – more than 60 days later – the court finds his request is untimely and shall be denied for this reason.[14] Because the court finds plaintiff's request does not comply with the timing procedure required by Kansas law, the court need not reach the question of whether a malpractice liability screening panel pursuant to K.S.A. § 60-3501 *et seq.* is available in a professional liability action brought pursuant to Kansas law and pending in federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332,[15] and the court makes no finding on that issue.

   d.  *Plaintiff's Renewed Motions Subsequent to His Second Amended Complaint*

---

[12]*See* Doc. 43.

[13]*See* Doc. 41, 42, and 43.

[14]Doc. 52.

[15] *See* Memorandum and Order (Doc. 32).

Plaintiff's renewed motions request a malpractice liability screening panel with regard to his claims alleged against each defendant in his second amended complaint. As noted above, subsection (d)(1) of Kansas Supreme Court Rule 142 provides that "a request for a screening panel shall not be made later than 60 days after defendants are served with process."[16] The court finds no authority for the proposition that this 60-day time period is in any way renewed by an amendment.

Rather, as noted by the Kansas Court of Appeals in *Sperry v. Eulert*, it appears that in crafting Rule 142 to implement K.S.A. § 60-3502, the Kansas "Supreme Court determined that a party's request for a screening panel needed to occur early in the case."[17] Moreover, the Kansas Supreme Court has commented that "[t]he legislature's intent in creating the screening panel procedure was to have claimants submit their malpractice claims for resolution, or at least screening, without the expense and delay of litigation.[18] The court does not see how permitting a renewal of the time period to request a screening panel each time a complaint is amended would further either of these related goals.

While counting the 60-day time period from the date of service of an amended pleading might make sense in a case where the professional malpractice claims to be addressed by the panel arose for the first time as a result of the amendment, such is not the situation presented by the instant case. Rather, in this instance, plaintiff alleged claims for legal malpractice against both defendants in his original complaint, which was filed January 14, 2003 and amended prior to service, and continued to allege such claims in his

---

[16] Ks. Sup. Ct. R. 142(d)(1).

[17] No. 92,105, 2005 WL 400442, at **4 (Kan. Ct. App. Feb. 18, 2005) (review denied June 9, 2005).

[18] *Roy v. Young*, 278 Kan. 244, 252, 93 P.3d 712, 718 (2004).

7

amended complaint, which was filed February 26, 2003 and served upon defendants as discussed above. As such, plaintiff's malpractice claims are not new as a result of his second amended complaint, and to permit a renewed time period for him to seek a screening panel as a result of his second amendment would frustrate Rule 142's purpose of ensuring that a screening panel be utilized early in the life of a case. Accordingly, the court finds that the filing of plaintiff's second amended complaint did not renew his time to request a screening panel under Kansas Supreme Court Rule 142, and plaintiff's renewed motions to convene a screening panel are, therefore, time barred, and shall be denied.

### III.   Conclusion

Based upon the foregoing, the court concludes that plaintiff's original and renewed motions to convene a professional malpractice liability screening panel pursuant to K.S.A. § 60-3501 *et seq.* are untimely and shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motions to convene professional malpractice liability screening panel (Docs. 52, 68 & 70) are hereby denied.

**IT IS SO ORDERED.**

Dated this 3rd day of May, 2006, at Topeka Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge