ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATHANIEL W. ELLIBEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-3023-JAR |
| ) | |
| STANTON HAZLETT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim for relief, or in the alternative for summary judgment,[1] by defendants James Chappas and Lloyd Graham (Docs. 41, 46, 64, 66) and plaintiff's Motion to Strike Exhibits from Motion to Dismiss (Doc. 76). The motions are now fully briefed and the Court is prepared to rule. As described more fully below, the Court denies defendants' motions to dismiss for lack of jurisdiction. Because defendants present the Court with materials outside the pleadings in support of their motion to dismiss, the Court will convert their motions into motions for summary judgment and allow plaintiff notice and an opportunity to respond to the presentation of uncontroverted facts. Finally, the Court denies plaintiff's motion to strike.

---

[1] Defendants initially filed motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim for relief (Docs. 41, 46). Subsequently, plaintiff was granted leave to amend his complaint for a second time. Because plaintiff amended his state law claims in the Second Amended Complaint, defendants each filed another dispositive motion styled Motion to Dismiss and/or for Summary Judgment Pursuant Rule 12(b)(1), 12(b)(6), and D. Kan. R. 56.1 (Docs. 64, 66). The Court evaluates all of these motions and does not assume that the second round of motions are intended to supersede defendants' initial motions.

**I. Background**

Plaintiff Nathaniel Ellibee is a prisoner who filed this case proceeding pro se and in forma pauperis.[2] The only claims that remain in plaintiff's Second Amended Complaint are state law claims against defendants Chappas and Graham based on their respective representations of plaintiff in prior civil litigation. Plaintiff retained Chappas to file a habeas corpus motion on plaintiff's behalf. Plaintiff maintains that he was coerced to advance $3000 to Chappas to facilitate post conviction relief and alleges various state law claims arising out of this representation. Plaintiff alleges state law claims against Graham for failing to pursue collection of a settlement he obtained for plaintiff in small claims court. He alleges that the judgment in his favor was extinguished in 2001, but that Graham failed to inform him of this fact.

Plaintiff alleges in his Second Amended Complaint that he suffered damages caused by Chappas' "breach of contract, malpractice, breach of duty owed, fraud, negligence, wantoness, deceptive and unconscionable acts, misfeasance, breach of oath and failure to afford a reasonable standard of care and representation that is common knowledge." He alleges that despite paying Chappas $3000, Chappas failed to investigate, research, obtain documents, or retain an expert witness in pursuing plaintiff's habeas action. Plaintiff alleges that this constituted a breach of contract and that Chappas' demand of additional money when plaintiff terminated representation was in violation of the retainer agreement between them. Plaintiff seeks compensatory damages against Chappas in the amount of $12,750 plus interest, punitive damages in the amount of $100,000, and fees and costs. Further, he seeks declaratory and injunctive relief, including that disciplinary proceedings be initiated for purposes of disbarment.

---

[2]Plaintiff filed a motion for leave to proceed in forma pauperis on July 28, 2005, which was granted on August 15, 2005 (Doc. 31).

Plaintiff alleges the same state law causes of action against Graham.  Plaintiff alleges that Graham committed fraud, breached his contract, and committed malpractice by failing to recover a 1994 default judgment damage award in Geary County, Kansas District Court, from Lynn Cain, for a $1240 debt owed and certain personal property that plaintiff sought to have returned.  Plaintiff alleges that Graham, who he retained on a contingent fee basis, failed to inform plaintiff of the entry of judgment in his favor, and that Graham lied to him by failing to inform him that the judgment had been granted.  On August 25, 1994, defendant Graham wrote plaintiff a letter advising that he had been unable to locate Cain and that "I cannot attach any of her property until I get a court judgment against her and I can't do that until I find her."  He also referred to an investigator that was looking for Cain, who believed the police were looking for Cain.  Plaintiff alleges that the default judgment against Cain became dormant in 1999 and was thereafter extinguished because Graham failed to revive the judgment.

Plaintiff seeks compensatory damages in the amount of $1240 plus interest, "Use and benefit from any monies that may have been collected from the judgment . . . of which has had direct and negative consequences upon the Plaintiff's quality of life" and "Loss of the opportunity to pursue garnishment proceedings against Lynn Cain," and  punitive damages in the amount of $100,000.  He also seeks a declaratory judgment, injunctive relief, including that disciplinary proceedings be initiated, and fees and costs.

## II.  Motions to Dismiss for Lack of Subject Matter Jurisdiction

### *A.  Standard*

As the party invoking the federal court's jurisdiction, plaintiff carries the burden of

demonstrating that the requirements for exercising jurisdiction are present.[3] Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction,[4] and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[5] The Tenth Circuit has commented on the limited jurisdiction of the federal courts and summarized the duties of the district court in considering whether it has jurisdiction to consider a case:

> The Federal Rules of Civil Procedures [sic] direct that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.". . . Moreover, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." . . . Nor may lack of jurisdiction be waived or jurisdiction be conferred by "consent, inaction or stipulation. Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.[6]

Plaintiff is responsible for showing the Court by a preponderance of the evidence that jurisdiction is proper.[7] Mere allegations of jurisdiction are not enough.[8]

### B. Analysis

The rule governing dismissal based on the amount in controversy not being met is

---

[3] *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted), *aff'd*, 126 S. Ct. 704 (2005).

[4] *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[5] *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

[6] *Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations and quotations omitted).

[7] *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[8] *Id.* at 798.

"unless the law provides otherwise, the amount claimed by the plaintiff controls if the claim is apparently made in good faith."[9] To warrant dismissal, it must appear to a legal certainty that the claim is actually less than $75,000.[10] The party invoking the court's jurisdiction (*i.e.* plaintiff) bears the burden of showing that it is not a legal certainty that the claim is for less than the jurisdictional amount.[11] "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction."[12]

In the Second Amended Complaint, plaintiff seeks actual damages of $12,750 plus interest against Chappas and $1240 plus interest against Graham. He seeks $100,000 in punitive damages from each defendant. He argues that this request for relief was made in good faith and that it does not appear to a legal certainty that plaintiff could not recover damages in excess of $75,000 because he could be awarded exemplary and punitive damages. Defendants maintain that it appears to a legal certainty that he could not recover that amount because defendants' conduct would not rise to the level of egregiousness required for an award of punitive damages.

"Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor."[13] The Court may consider punitive

---

[9]*Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000) (citing *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

[10]*Id.* (citing *St. Paul*, 303 U.S. at 288–89).

[11]*Id.*; *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289–90 (10th Cir. 2001).

[12]*Woodman of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1217 (10th Cir. 2003).

[13]*Adams*, 225 F.3d at 1183 (quoting *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir.1998) (quoting *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir.1973))).

damages in determining the requisite jurisdictional amount.[14] Plaintiff alleges a prayer of relief for punitive damages in excess of the jurisdictional minimum, yet defendants argue that he has distorted that value for the sole purpose of conferring federal jurisdiction. The Court agrees that it is improbable, based on the amount of punitive damages sought in comparison to the compensatory damages at stake, that plaintiff would succeed in recovering an amount in excess of the jurisdiction minimum.[15] However, defendants fail to point the Court to evidence that would support the contention that plaintiff's punitive damages claims were made in bad faith. On this limited record, the Court is unable to find to a legal certainty that plaintiff has not made his punitive damages demand in good faith and denies defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

**III. Motions to Dismiss for Failure to State a Claim for Relief or in the Alternative for Summary Judgment**

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.[16] The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.[17]

On a Rule 12(b)(6) motion, the court judges the sufficiency of the complaint, accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the

---

[14]*Woodman of World Life Ins. Soc'y*, 342 F.3d at 1218.

[15]*See State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003); *BMW of North Am., Inc. v. Gore*, 517 U.S. 559, 574–75 (1996); *Haberman v. The Hartford Ins. Grp.*, __F.3d__, 2006 WL 906116, at *11 (10th Cir. Apr. 10, 2006).

[16]*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[17]*Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) (quotation omitted).

plaintiff and construes the allegations in the light most favorable to the plaintiff.[18] These deferential rules, however, do not allow the court to assume that a plaintiff can prove facts that he has not alleged or that the defendants have violated the laws in ways that have not been alleged.[19] If the facts narrated by the plaintiff "do not at least outline or adumbrate" a viable claim, the complaint cannot pass Rule 12(b)(6) muster.[20] Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[21]

Under Fed. R. Civ. P. 12(b), if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Considering matters outside the pleadings on a motion to dismiss without converting it into a motion for summary judgment may be grounds for reversal unless dismissal would be justified anyway based on the complaint alone.[22] Here, defendants rely on correspondence to substantiate their motions to dismiss. Although plaintiff specifically incorporates much of the correspondence into his Second Amended Complaint,[23] the Court converts the motions to dismiss into motions for summary

---

[18] *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991); *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir. 1987).

[19] *Associated Gen. Contractors v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983).

[20] *Mounkes,* 922 F. Supp. at 1506 (D. Kan. 1996) (citing *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

[21] *Poole v. County of Otero*, 271 F.3d 955, 955 (10th Cir. 2001).

[22] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[23] "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp.*, 130 F.3d at 1384; *see Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999). The Tenth Circuit has explained that if the rule were otherwise, a

judgment out of an abundance of caution.  Plaintiff is given an additional period time to present any additional material made pertinent by the motion by Fed. R. Civ. P. 56.

## IV. Motion to Strike Exhibits

Plaintiff filed a motion to strike two exhibits from defendant Graham's second Motion to Dismiss.  Exhibits N and O to this document are correspondence between plaintiff and defendant Chappas.  Plaintiff argues that the attorney-client privilege bars production of such communications between the defendants and that these documents should be stricken and defendant Graham should be sanctioned.

Rule 501 of the Federal Rules of Evidence provides that when state law provides the rule of decision, the court is to determine questions of privilege through state law.  Therefore, the Court applies Kansas law, as the remaining claims are based entirely on state law and the Court exercises diversity jurisdiction.[24]  K.S.A. § 60-426 governs the attorney-client privilege under Kansas law.  That statute provides a clear exception to the privilege when the communication[25] is "relevant to an issue of breach of duty by the lawyer to his or her client, or by the client to his or her lawyer."[26]  Because the materials at issue were disclosed after plaintiff initiated state law breach of duty claims against both attorneys, the materials are not privileged and therefore no

---

plaintiff with a deficient complaint could overcome a motion to dismiss simply by not attaching a dispositive document to the complaint.  *GFF Corp.*, 130 F.3d at 1385.  "When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates."  *Id.*

[24]*Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 699 (10th Cir. 1998); *Kan. Wastewater, Inc. v. Alliant Techsystems, Inc.*, 217 F.R.D. 525, 526 (D. Kan. 2003).

[25]Plaintiff's argument that the attorney-client privilege attaches to people is wholly unsupported by the plain meaning of the statute.  The statute excepts *communications* from the attorney-client privilege.  If a communication is not privileged, it is of no consequence who it is shared with because the communication is no longer privileged.

[26]K.S.A. § 60-426(b)(3).

waiver was necessary to effectuate their disclosure.

Finally, plaintiff suggests in his initial responses to the motions to dismiss that the exhibits attached to defendants' motions should be not be relied upon because (1) they "are not certified or in any manner authenticated pursuant to Fed.R. Evid. 901 et seq., nor is the pleading verified. . . ," and (2) relying on the facts presented based on those exhibits "would require the court to assume facts not in evidence, contrary to Fed.R.Evid. 611(a)." To the extent plaintiff asks the Court to strike these exhibits, the motion is denied.

On a motion for summary judgment, the Court may evaluate materials outside the pleadings to determine if there is a genuine issue of material fact.[27] Rule 56(e) only requires sworn or certified copies of "all papers or parts thereof referred to in an affidavit." None of the documents at issue here are referred to in affidavits. Further, the fact that these documents are attached to written motions, signed by counsel, certifies the documents under Fed. R. Civ. P. 11. Under the local rules of this district, "[a]ffidavits or declarations [must] be based on personal knowledge and by a person competent to testify to the facts stated which shall be admissible in evidence."[28] Plaintiff provides no argument as to why these documents could not be easily authenticated by defendants. Some of these documents are notarized, many are signed by defendants, and both defendants could likely provide nonexpert opinions that plaintiff's signatures on the letters authored by him, are in fact his signatures.[29] The only requirement for authentication is evidence or testimony "to support a finding that the matter in question is what

---

[27] Fed. R. Civ. P. 56(c), (e).

[28] D. Kan. R. 56.1(d).

[29] Fed. R. Evid. 901(b) (providing illustrations of acceptable methods of authentication); *see also United States v. Apperson*, 441 F.3d 1162, 1200 (10th Cir. 2006).

9

its proponent claims."[30]  Finally, plaintiff is unable to articulate to the Court how Fed. R. Evid. 611(a) applies here.  That rule concerns the control over the mode and order of interrogation of witnesses and presentation of evidence in a court proceeding.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) (Docs. 41, 46, 64, 66) are **denied**.

**IT IS FURTHER ORDERED THAT** defendants' Motions to Dismiss and/or for Summary Judgment (Docs. 41, 46, 64, 66) are converted to Motions for Summary Judgment. The Court will **take these motions under advisement** after plaintiff has an opportunity to present material made pertinent under Fed. R. Civ. P. 56.  Plaintiff may present such material to the Court **no later than June 9, 2006**.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Strike Exhibits from Motion to Dismiss (Doc. 76) is **denied**.

**IT IS SO ORDERED.**

Dated this 16th day of May 2006.

                                                   S/ Julie A. Robinson
                                                  Julie A. Robinson
                                                  United States District Judge

---

[30] Fed. R. Evid. 901(a).